UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SANDAWANA HOLDINGS LTD. | ) | 11 Civ 2712 (AKH)(RLE) |
| | ) | |
| Plaintiff, | ) | MOTION |
| v. | ) | |
| HENRY DUNAY | ) | |
| Defendant. | ) | |

# MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT

LEVISOHN BERGER LLP
Peter L. Berger
Jonathan Berger
11 Broadway, Suite 615
New York, New York 10004

1

# TABLE OF CONTENTS

## Peter L. Berger Declaration

| | |
|---|---|
| Exhibit 1 | November 14, 2011 Hearing Transcript |
| Exhibit 2 | **Email Correspondence** - *Whether Defendant Is Permitted to Terminate Internet Accounts* |
| Exhibit 3 | **Email Correspondence And Handwritten Note by Defendant Sent By Facsimile** – *Defendant Agreeing to Cooperate To Transfer Internet Accounts* |
| Exhibit 4 | **Email Correspondence** – *Nick Otis' Communication With Defendant Confirming Conversation between Peter L. Berger and Defendant* |
| Exhibit 5 | **Handwritten Note by Defendant Sent By Facsimile** |

## Ankit Jain Declaration

| | |
|---|---|
| Exhibit 1 | **Email Correspondence** – *Ankit Jain Agreeing to Reach Out to Defendant to Effect Transfer-* |
| Exhibit 2 | **Email Correspondence** – *Ankit Jain Attempting to Reach Out to Defendant to Effect Transfer and Learning that Defendant Has Retained New Counsel* |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SANDAWANA HOLDINGS LTD. | ) | 11 Civ 2712 (AKH)(RLE) |
| | ) | |
| Plaintiff, | ) | MOTION |
| | ) | TO HOLD DEFENDANT |
| v. | ) | IN CONTEMPT |
| | ) | OF COURT ORDER |
| HENRY DUNAY | ) | |
| | ) | |
| Defendant. | ) | |

**NOW COMES** Plaintiff SANDAWANA HOLDINGS LTD., ("SANDWANA") by and through its attorneys, Levisohn Berger LLP, and hereby moves this Honorable Court pursuant to Federal Rules of Civil Procedure 70 and Local Rule 6.1 of the United States District Court for the Southern District of New York for an Order to hold Defendant HENRY DUNAY ("Defendant") in contempt for failure to comply with this Court's Order (D.E. 36) and in support of same states as follows:

1. This action arises in substance as to whether or not Defendant's use of the term HENRY DUNAY rises to the level as a source identifier.

2. On or about August 14, 2011, the parties entered into a settlement agreement and jointly agreed to the terms of a consent order to be so-ordered by this Court.

3. On or about August 16, 2011, the Court adopted and filed the consent

3

order for this matter (D.E. 19).

4. On or about October 19, 2011, Sandawana filed a motion requesting a finding that Defendant violated the Consent Order and that the Defendant be held in contempt (D.E. 20 - 24 (notice of filing error) and D.E. 32 and 33).

5. On or about November 10, 2011, Defendant, by and through its former attorneys, Law Offices of Mitchell Devack, PLLC, who were subsequently relieved as counsel for Defendant or about November 30, 2011 (hereinafter "Prior Counsel"), filed a response to Plaintiff's motion (D.E. 34 and 35).

6. On or about November 14, 2011, a hearing was held regarding Plaintiff's motion for sanctions. (Declaration of Peter L. Berger, "Berger Decl.," ¶2, Exh. 1). During that hearing, the Court ordered the Defendant to assign the www.henrydunay.net domain name and all other internet accounts bearing his name to Sandawana by November 22, 2011. (See Berger Decl., ¶2, Exh. 1, 11:2-9).

7. On or about November 19, 2011, counsel for Plaintiff contacted Defendant and Prior Counsel regarding an update. Prior Counsel instructed Plaintiff that the www.henrydunay.net website would be transferred, and that Defendant cancelled the other internet accounts (Berger Decl., ¶3, Exh..2). There was some confusion on the part of Defendant and Prior Counsel as to whether or not internet accounts possessed by Defendant were ordered by the Court to be transferred (Berger Decl., ¶3-4).

8. On or about November 21, 2011, counsel for Plaintiff emailed Prior Counsel a copy of the transcript of the November 14, 2011 hearing that took place before

4

this Court ((Berger Decl., ¶4)). The above-referenced transcript confirms Plaintiff's position that Defendant was required to transfer the internet accounts (Berger Decl., ¶2, Exh.1, 11:2-11:9).

9.  On or about November 21, 2011, Defendant provided the information to Sandawana to effect the transfer of the www.henrydunay.net domain name. (Berger Decl., ¶5).

10. On or about November 21, 2011, Ankit Jain ("Ankit Jain"), who works with Sudhir Jain of Sandawana, agreed to assist Defendant in transferring the internet accounts (Berger Decl., ¶11-12; Declaration of Ankit Jain, "Ankit Jain Decl."), ¶3-6). Defendant and his fiancée, Frinette Simon, provided the authorization information to Ankit Jain to effectuate the transfer the www.henrydunay.net domain from HDD, Inc. to Sandawana (Berger Decl., ¶4).

11. On or about November 23, Peter Berger communicated with Defendant as advised by Prior Counsel, and Defendant agreed to revive those accounts terminated by him and transfer those accounts as ordered by the Court (Berger Decl., ¶6). I then advised Prior Counsel of my conversation with Defendant and Defendant's agreement to transfer the account. (Berger Decl., ¶7 and 8)

12. On or about November 28, 2011, Defendant informed Plaintiff and Peter Berger that he would cooperate in the transfer of the other internet accounts to Sandawana, and that he agreed to have Ankit Jain assist him in the transfer of the other internet accounts. (Berger Decl., ¶12; Ankit Jain Decl. ¶4-6). Ankit Jain was to go to Defendant's office to assist Defendant in the transfer process sometime on November 29, 2011 (Ankit Jain Decl. ¶5-6). After several telephone calls, Ankit Jain learned from

5

Defendant that he was not going to transfer the other internet accounts and that he had retained a new lawyer (Berger Decl., ¶11-12; Ankit Jain Decl. ¶6).

13. Plaintiff sent a letter on or about December 2, 2011 to the Court requesting sanctions as a result of Defendant's failure to cooperate. The Court instructed counsel for Plaintiff to submit a formal motion (D.E. 44). As a result, this motion follows.

14. Plaintiff has had to spend, unnecessarily, costs and fees in having Defendant comply with the Consent Order (D.E. 32 and 33) and to have the internet accounts transferred as ordered by the Court (D.E. 36).

15. Federal Rules Civil Procedure 70 provides the Court remedial measures for a party, who violates the Court's consent order and Order, including but not limited to, the award of fees and costs to the moving party. Pursuant to F.RC.P. 70 and Local Rules 6.1, this Court may assess Defendant the reasonable legal fees incurred by Plaintiff in the preparation of the Sanction motion (D.E. 32-33) and the attendance for the hearing before this Court on November 14, 2011.

16. Defendant should be held in contempt for violating this Court's Order (D.E. 36) compelling Defendant to transfer other internet accounts to Sandawana. Furthermore, Defendant should be ordered to pay Plaintiff costs and attorneys fees for having to enforce the Consent Order, including this instant motion before this Court for contempt.

17. Furthermore, the Court should order that Sandawana have the authority to effect transfer of the Henry Dunay internet accounts as so-ordered, including but not limited to the Twitter, Facebook, and the hotmail account to Sandawana.

**WHEREFORE, BASED ON THE FOREGOING**, Sandawana respectfully prays that this Court issue an Order holding Defendant in contempt for failing to comply with the Court's Order of November 22, 2011 (D.E. 36) and provide Sandawana the authority to effect transfer of the internet accounts possessed by Defendant as set forth above. Sandawana further prays that this Court sanction Defendant for his willful disregard of this Court's Order and award Sandawana costs and reasonably attorneys' fees, and such other relief as justice dictates and as permitted.

Dated: New York, New York
December 9, 2011

LEVISOHN BERGER LLP

Peter L. Berger (PB-0121)
Jonathan Berger (JB-6448)
11 Broadway, Suite 615
New York, New York, 10004
(P) (212) 486-7272
(F) (212) 486-0323

Attorneys for Plaintiff
Sandawana Holdings Ltd.